UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT DEREK LURCH, JR.,<br><br>      Plaintiff,<br><br>-against-<br><br>EXODUS TRANSITIONAL SERVICES;<br>EXODUS EMPLOYEES WHO ACTED IN<br>CONCERT WITH NYPD TO UNLAWFULLY<br>SEIZE ME; JOHN DOE OFFICERS,<br><br>      Defendants. | 22-CV-5463 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated at the Atlantic County Justice Facility in New Jersey, brings this action *pro se*. He alleges that he was evicted from the Long Island City location of program providing housing to formerly incarcerated people. Plaintiff sues Exodus Transitional Services and its unidentified employees at the Long Island City location. He also sues "John Doe" police officers who responded to the Long Island City location in May 2021. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

  Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Exodus Transitional Services provides a "jails-to-jobs program" and gave him housing at their Long Island City location at 29-27 40th Road in Queens County, New York. In May 2021, police officers were called to that location to evict Plaintiff, after he "called a case worker . . . an expletive." ECF 2 at 7. Plaintiff argues that he did not violate any of the terms or conditions of his agreement with Exodus Transitional Services and should not have been evicted.

Plaintiff sues Exodus Transitional Services and its unidentified employees at the Long Island City location. He also sues "John Doe" police officers who responded to calls regarding the incident at 29-27 40th Road in Queens County.

Plaintiff does not plead facts about the residence of any of the defendants, and it is therefore unclear whether venue is proper in this district under Section 1391(b)(1). Plaintiff alleges that the events giving rise to his claims occurred outside this district, in Queens County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Venue under Section 1391(b)(2) is therefore not proper in this district but is proper in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff is incarcerated in New Jersey. All of the underlying events occurred in Queens County, and it is reasonable to expect that all relevant documents and witnesses also would be in that district. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 29, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge